PEOPLE ex rel. MURPHY v. CRANE, City Magistrate, et al.

(Supreme Court, Appellate Division, First Department. February 13, 1903.)

1. CRIMINAL LAW—EXAMINATION—LARCENY—SUFFICIENCY OF EVIDENCE—COMMITMENT.

Pen. Code, § 528, makes an officer of an association who appropriates the property of the association in his possession guilty of larceny. Upon an examination of defendant, charged with larceny, before a magistrate, it was shown that he was the treasurer of a voluntary association; that he had received from its financial secretary a check for a certain sum, and a certain sum in bills, for which he gave a receipt; that he deposited the same in a bank in his own name, as treasurer of the association; that he subsequently withdrew the same from the bank, and failed to account for it on demand of the association's officers. *Held* sufficient evidence, in the absence of any explanation by defendant, to warrant the magistrate in holding him to answer the charge; Code Cr. Proc. § 208, providing that if it appears from the examination that a crime has been committed, and that there is sufficient cause to believe defendant guilty thereof, the magistrate must hold him to answer the same.

Hatch and Patterson, JJ., dissenting.

Appeal from special term, New York county.

Application by the people for writs of habeas corpus and certiorari, on the relation of Lawrence Murphy, against Leroy B. Crane, as city magistrate, and another. From a final order dismissing the writs, the relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

·John F. McIntyre, for appellant. ·

Henry G. Gray, for respondents.

INGRAHAM, J. By this proceeding it was sought to review the action of a city magistrate in committing the relator to the city prison to answer to a charge of larceny. It appeared by the return, to which there was no traverse, that the relator was arrested and brought before the respondent Crane, one of the city magistrates, charged with grand larceny; that the city magistrate proceeded to examine the complainant and the witnesses, and, upon such examination, determined that there was probable cause to believe the relator guilty of the charge, and fixed the bail at the sum of $10,000, which the relator failed to furnish, whereupon he was committed to the city prison.

The proceedings upon an examination before a magistrate are regulated by chapter 7, tit. 3, pt. 4, of the Code of Criminal Procedure. Section 207 provides that:

"After hearing the proofs and the statement of the defendant, if he have made one, if it appear, either that a crime has not been committed, or that there is no sufficient cause to believe the defendant guilty thereof, the magistrate must order the defendant to be discharged."

And section 208 provides:

"If, however, it appear from the examination that a crime has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must, in like manner," hold the prisoner to answer the same.

The only inquiry upon this appeal is whether it appeared upon the examination before the magistrate that a crime had been committed, and that there was sufficient cause to believe the defendant guilty thereof. The relator was charged with grand larceny. Section 528 of the Penal Code provides that:

"A person who, with intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person, * * * having in his possession, custody or control, as a bailee, servant, attorney, agent, clerk, trustee, or officer of any person, association or corporation * * * any money, property, evidence of debt or contract, article of value of any nature, or thing in action or possession, appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof, steals such property and is guilty of larceny."

Upon the examination before the magistrate, it appeared that the relator was the treasurer of a voluntary association called the "Stone Cutters' Association"; that as such, on the 19th day of March, 1902, he received from the financial secretary of the association a check for $10,000, and $100 in bills, for which he gave a receipt; that at the time the relator received this check he was told by the president to meet the executive board of the association at Broadway and Liberty street on Saturday morning at 10 o'clock, and turn that check over to the executive board, to be deposited with a surety company; that the relator was not present at the time and place stated, and has never returned or accounted therefor to the executive committee. It further appeared from the testimony of an officer of the Twelfth Ward Bank that on March 20th, the day after the relator received this money of the association, he deposited in said bank, in his own name, as treasurer of the association, the sum of $10,100. and that subsequently in the month of March he withdrew that money from the bank; that subsequently, in August, one of the trustees of the association called upon the relator to turn over this money and account to the trustees, but that he failed to comply with that request. The record shows that a copy of the by-laws and constitution of this voluntary association was offered in evidence, but no copy of them was annexed to the return, and it does not appear from the record what were the duties of the treasurer in regard to the money of the association. We have, however, the fact that the relator received this money as treasurer of the association, deposited it in a bank as such treasurer, and subsequently drew it out of the bank, without any explanation as to what disposition he had made of it, and refused to account for the money to the officers of the association. I think that, in the absence of any explanation by the relator, there was sufficient evidence to show that a crime had been committed, and that there was probable cause to believe that the relator was guilty of the crime, under section 528 of the Penal Code. The money was the money of the voluntary association, not that of any individual member of it. It was received by the relator as treasurer of the association, and he was bound to keep it as such, to be applied as required by the by-laws and constitution of the association. Any appropriation of that property by the treasurer in violation of this duty would be larceny, within the section referred to.

Associations of this character are recognized by the law as being distinct from copartnerships. There could be no question but that the legislature would have the power to make the appropriation of the copartnership property by one member of the copartnership a crime; and by section 528 of the Penal Code the legislature has made it a crime for an officer of an association, having in his possession, custody, or control any money, property, or article of value of any nature, of the association, to appropriate the same to his own use, or that of any other person, other than the true owner, or person entitled to the benefit thereof; and there was evidence which, unexplained, justified the magistrate in holding that the relator had appropriated money of the association to his own use, and failed to account for it to the association. I think, therefore, that the magistrate was justified in holding the relator, and that the court below properly dismissed the writs.

It follows that the order appealed from should be affirmed.

VAN BRUNT, P. J., concurs. LAUGHLIN, J., concurs in result.

HATCH, J. I dissent on the ground that there was no evidence to show that a crime had been committed, and therefore there was no basis upon which to found probable cause, which alone would authorize the magistrate to commit the relator to answer.

PATTERSON, J., concurs.