## Supreme Court—Appellate Division, Third Department.

February, 1903.

## THE PEOPLE EX REL. MURPHY v. LE ROY B. CRANE ET AL.

(80 App. Div. 202.)

GRAND LARCENY—WITHDRAWAL OF FUNDS FROM BANK BY OFFICER OF ASSOCIATION—PENAL CODE, SEC. 528.

Where the proof before an examining magistrate shows that the treasurer of a voluntary association received $10.000, deposits it in a bank as such treasurer and subsequently drew it out without any

explanation as to what disposition he had made of it, and refused to account for the money to the officers of the association, it is sufficient, in the absense of any explanation by him, to justify a magistrate in holding him for grand larceny under section 528, Penal Code.

APPEAL by the relator, Lawrence Murphy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of December, 1902, dismissing the writs of certiorari and habeas corpus theretofore allowed in behalf of the said relator, and remanding him to the custody of the warden of the city prison.

John F. McIntyre, for the appellant.

Henry G. Gray, for the respondents.

INGRAHAM, J.: By this proceeding it was sought to review the action of a city magistrate in committing the relator to the city prison to answer to a charge of larceny. It appeared by the return, to which there was no traverse, that the relator was arrested and brought before the respondent Crane, one of the city magistrates, charged with grand larceny; that the city magistrate proceeded to examine the complainant and the witnesses, and upon such examination determined that there was probable cause to believe the relator guilty of the charge, and fixed the bail at the sum of $10,000, which the relator failed to furnish, whereupon he was committed to the city prison.

The proceedings upon an examination before a magistrate are regulated by chapter 7 of title 3 of part 4 of the Code of Criminal Procedure. Section 207 provides that " after hearing the proofs and the statement of the defendant, if he have made one, if it appears, either that a crime has not been committed, or that there is not sufficient cause to believe the defendant guilty thereof, the magistrate must order the defend-

ant to be discharged;" and section 208 provides: " If, however, it appear from the examination that a crime has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must, in like manner, hold the prisoner to answer the same.

The only inquiry upon this appeal is, whether it appeared upon the examination before the magistrate that a crime had been committed, and that there was sufficient cause to believe the defendant guilty thereof. The relator was charged with grand larceny. Section 528 of the Penal Code provides that " a person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person . . . having in his possession, custody or control, as a bailee, servant, attorney, agent, clerk, trustee or officer of any person, association or corporation . . . any money, property, evidence of debt or contract, article of value of any nature, or thing in action or possession, appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof, steals such property and is guilty of larceny."

Upon the examination before the magistrate it appeared that the relator was the treasurer of a voluntary association called the " Stone Cutters' Association;" that as such, on the 19th day of March, 1902, he received from the financial secretary of the association a check for $10,000 and $100 in bills, for which he gave a receipt; that at the time the relator received this check he was told by the president to meet the executive board of the association at Broadway and Liberty street on Saturday morning at 10 o'clock and turn that check over to the executive board to be deposited with a surety company; that the relator was not present at the time and place stated and has never returned or accounted therefor to the executive committee. It further appeared from the testimony of an officer of the Twelfth Ward Bank that on March 20th, the day

after the relator received this money of the association, he deposited in said bank in his own name as treasurer of the association the sum of $10,100, and that subsequently, in the month of March, he withdrew that money from the bank; that subsequently, in August, one of the trustees of the association called upon the relator to turn over this money and account to the trustees, but that he failed to comply with that request. The record shows that a copy of the by-laws and constitution of this voluntary association was offered in evidence, but no copy of them was annexed to the return, and it does not appear from the record what were the duties of the treasurer in regard to the money of the association. We have, however, the fact that the relator received this money as treasurer of the association, deposited it in a bank as such treasurer, and subsequently drew it out of the bank without any explanation as to what disposition he had made of it, and refused to account for the money to the officers of the association.

I think that, in the absence of any explanation by the relator, there was sufficient evidence to show that a crime had been committed, and that there was probable cause to believe that the relator was guilty of the crime, under section 528 of the Penal Code. The money was the money of the voluntary association, not that of any individual member of it. It was received by the relator as treasurer of the association, and he was bound to keep it as such to be applied as required by the by-laws and constitution of the association. Any appropriation of that property by the treasurer in violation of this duty would be larceny within the section referred to. Associations of this character are recognized by the law as being distinct from copartnerships. There could be no question but that the Legislature would have the power to make the appropriation of the copartnership property by one member of the copartnership a crime; and by section 528 of the Penal Code the Legislature has made it a crime for an officer of an association,

having in his possession, custody or control any money, property or article of value of any nature of the association, and appropriates the same to his own use or that of any other person, other than the true owner or person entitled to the benefit thereof; and there was evidence which, unexplained, justified the magistrate in holding that the relator had appropriated money of the association to his own use, and failed to account for it to the association. I think, therefore, that the magistrate was justified in holding the relator, and that the court below properly dismissed the writs.

It follows that the order appealed from should be affirmed.

VAN BRUNT, P. J., concurred; LAUGHLIN, J., concurred in result; PATTERSON and HATCH, JJ., dissented.

HATCH, J. (dissenting): I dissent on the ground that there was no evidence to show that a crime had been committed, and, therefore, there was no basis upon which to found probable cause, which alone would authorize the magistrate to commit the relator to answer.

PATTERSON, J., concurred.

Order affirmed.