# Neuls, Appellant, *v.* City of Scranton.

*Constitutional law—Public officers—Removal of elected officers—Act of March* 7, 1901, *P. L.* 20.

The legislature has the power to remove, or to authorize directly or indirectly the removal of an elected municipal officer.

The city recorder of the city of Scranton has the power to remove an assessor previously elected. Neuls v. City of Scranton, 20 Pa. Superior Ct. 286, followed.

The Act of March 7, 1901, P. L. 20, is constitutional. Com. v. Moir, 199 Pa. 534, followed.

Argued Feb. 21, 1905. Appeal, No. 277, Jan. T., 1904, by plaintiff, from judgment of C. P. Lackawanna Co., for defendant on case tried by the court without a jury in suit of John A. Neuls v. City of Scranton. Before MITCHELL, C. J., DEAN, BROWN, POTTER and ELKIN, JJ. Affirmed.

Assumpsit for salary as city assessor.

The case was tried by the court without a jury under the Act of April 22, 1874, P. L. 109, and judgment was entered for defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*J. H. Burns, A. A. Vosburg* and *Charles W. Dawson*, for appellant.

*David J. Davis*, city solicitor, and *H. R. Van Deusen*, assistant city solicitor, for appellee.

PER CURIAM, April 24, 1905:
The constitutionality of the Act of March 7, 1901, P. L. 20 was expressly affirmed in Com. v. Moir, 199 Pa. 534. Every question advanced now, including the constitutional power of

the legislature to remove, or to authorize directly or indirectly the removal of an elected municipal officer, was there considered and determined adversely to appellant's present contention.

In Neuls v. City of Scranton, 20 Pa. Superior Ct. 286, it was shown that the act of 1901 authorized the recorder to remove an assessor previously elected. It is unnecessary to add anything further on the subject.

Judgment affirmed.