# Spayd *v.* Ringing Rock Lodge et al., Appellants.

*Beneficial associations—By-laws—Restriction on right of petition to governmental powers — Delegation of rights — Constitutional law—Bill of rights—Equity—Act of June 16, 1836, P. L. 784.*

1. The by-laws of a beneficial association, will be enforced only when they are reasonable.

2. Such by-laws cannot be adjudged reasonable, when they would compel the citizen to lose his property rights in accumulated assets, or forego the exercise of other rights which are constitutionally inviolable.

3. The right to petition "those invested with powers of government for redress of grievances," provided for in the Pennsylvania bill of rights, cannot be infringed, even momentarily by individuals, by the state itself, by the courts or minor tribunals, or by corporations and unincorporated associations which function only by the grace of the State, and the "supervision and control" of which are specifically vested in courts of equity by the Act of June 16, 1836, par. 5, sec. 13, P. L. 784.

4. A provision in the by-laws of a beneficial association of railroad trainmen, which provides for the expulsion of a member, if he uses his "influence to defeat any action by the national legislative representative" of the association, is void in so far as it restricts the right of a member to petition the legislature to repeal an act of assembly. Such right cannot be surrendered by the member himself, or delegated to another, even temporarily.

Argued January 31, 1921. Appeal, No. 39, Jan. T., 1921, by defendants, from decree of Superior Court, Oct. T., 1919, No. 98, reversing decree of C. P. Montgomery Co., Oct. T., 1916, No. 8, dismissing bill in equity, in case of H. F. Spayd v. Ringing Rock Lodge No. 665, Brotherhood of Railroad Trainmen et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Bill in equity in common pleas for reinstatement in membership of beneficial association.

Appeal from Superior Court: See 74 Pa. Superior Ct. 139.

The opinion of the Supreme Court states the facts.

The Superior Court reversed the decree of the common pleas dismissing the bill. Defendants appealed.

*Error assigned* was decree of Superior Court, quoting it.

*Henry Freedley,* with him *H. D. Saylor,* for appellant. —The state Constitution, as the federal, confers no right but only prohibits the government from interfering with the right or limiting its exercise and the right protected is not the individual right to petition but the collective right to assemble and petition.

*Cyrus G. Derr,* with him *Henry M. Brownback,* for appellee.—The expulsion of plaintiff for exercising his constitutional right is invalid.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 21, 1921:

Plaintiff, H. F. Spayd, was expelled from Ringing Rock Lodge No. 665, Brotherhood of Railroad Trainmen, for alleged violation of the latter's Rule 23. He filed a bill in equity praying reinstatement, which the Common Pleas of Montgomery County dismissed; on appeal, the Superior Court reversed and ordered defendant organization to restore plaintiff to membership therein; whereupon this appeal was entered.

The rule in question provides, inter alia, that "any member of the brotherhood using his influence to defeat any action taken by the national legislative representative or any action regularly taken by the legislative representatives in meeting assembled, or of legislative boards under their proper authorities, shall, upon conviction thereof, be expelled."

The validity of what is known as the Full Crew Law—Act of June 19, 1911, P. L. 1053—was sustained by us in Pennsylvania R. R. Co. v. Ewing, 241 Pa. 581; there have been several efforts to obtain its repeal. Plaintiff was expelled because he signed a petition asking the legislature to reconsider this statute; it being adjudged, by the tribunal of the order which tried him, that his action in so doing constituted a violation of Rule 23.

Defendants contend plaintiff confined his case to "the ground that Rule 23 was void, and not that he had not infringed it"; and, although the Superior Court considered other, additional, matters, since we are of one mind that the rule, as construed by defendants, breaches the fundamental law of the State, we shall accept their suggestion concerning the limits of the controversy and rest our decision on constitutional points alone.

The Pennsylvania bill of rights says: "The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty"; that the citizens shall have the right to petition "those invested with the powers of government for redress of grievances or other proper purposes"; finally, that such prerogatives of the individual citizen are "excepted out of the general powers of government, and shall forever remain inviolate." The present case turns on a consideration of these fundamental principles; we shall first express our general view in regard to their application, and then consider the subject of the right of petition more particularly.

The rights above noted cannot lawfully be infringed, even momentarily, by individuals any more than by the State itself (United States v. Cruikshank, 92 U. S. 542); and least of all can they be breached by corporations and unincorporated associations, which function solely by grace of the State, and the "supervision and control" of which are specifically vested in courts of equity

by the Act of June 16, 1836, P. L. 784, par. 5, sec. 13.
We have often said that the by-laws, rules and regulations of these artificial bodies will be enforced only when they are reasonable (Lynn v. Freemansburg Bldg., etc., Assn., 117 Pa. 1, 11, and 2 Am. St. R. 639; Hibernia Fire Engine Co. v. Com., 93 Pa. 264, 269; Evans v. Phila. Club, 50 Pa. 107, 115; Com. v. Detwiller, 131 Pa. 614, 634; Arbour v. Pittsburgh Produce Trade Association, 44 Pa. Superior Ct. 240, 250); and they never can be adjudged reasonable when, as here, they would compel the citizen to lose his property rights in accumulated assets, or forego the exercise of other rights which are constitutionally inviolable. Defendant lodge is part of a beneficial organization, and there is a finding that plaintiff has a substantial property interest therein; under these circumstances, it will not do to say that he can freely regain full liberty of action, at any time, by disassociating himself from the order; but, even if he could, the rule, as construed by defendants, would still be discountenanced, and void in law.

When plaintiff signed the petition to the legislature to repeal the Full Crew Law, he was communicating his "thoughts and opinions" to that body, and seeking at its hands redress of what he considered a public "grievance" —relief which the lawmakers alone could grant. Since plaintiff viewed the statute petitioned against as such a grievance, the course of conduct pursued by him was not merely within his legal rights, but accorded with his solemn duty as a citizen, for the exercise of which he can under no circumstances be penalized.

This opinion might end here; but, owing to the importance of the matter, we prefer to examine more in detail the nature of the right—to address the legislature —exercised by plaintiff, and thus to show the untenableness of defendants' views with reference thereto.

Our state Constitution, by various sections of article I, provides that all men "have certain inherent and indefeasible rights," among others to address by petition

those invested with the powers of government, and that this "shall forever remain inviolate."

The right in question is a fundamental one, expressly recognized in the organic law of our State as belonging to "citizens"; in other words, it is possessed by members of the State, or "citizens" (United States v. Cruikshank, 92 U. S. 542, 549), to work out the public weal, rather than by individuals, to protect their persons or property or serve private ends. The Constitution does not confer the right, but guarantees its free exercise—without let or hindrance from those in authority, at all times, under any and all circumstances; and, when this is kept in view, it is apparent that such a prerogative can neither be denied by others nor surrendered by the citizen himself.

Chief Justice WAITE, in United States v. Cruikshank, 92 U. S. 542, 551, speaking of the closely related privilege of the people to assemble for lawful purposes, said: "The right,......with the obligation on the part of the states to afford it protection, existed long before the adoption of the [federal] Constitution; in fact, it is, and always has been, one of the attributes of citizenship under a free government." This applies equally to the right of petition.

Since the fundamental law forbids the violation of such a prerogative by the government itself, neither the courts nor any minor tribunal may ignore the inhibition. As said by us in Phila. Trust Co. v. Northumberland Co. Trac. Co., 258 Pa. 152, 166, "there is no authority, common law or statutory, in the courts, which empowers them to exercise functions expressly under the ban of constitutional inhibition" (see also Galey v. Guffey, 248 Pa. 523, 527-8) ; yet here, were appellants' contentions to be sustained, the minor tribunals, or courts, of their organization could ignore the state Constitution—which guarantees the citizen's right of petition—and, by so functioning, deprive plaintiff of his membership in defendant order.

The position of defendants is not only wrong in principle but contrary to express authority.  In Erdman v. Mitchell, 207 Pa. 79, 91, a bill for an injunction against an unincorporated association of workmen, referring to a constitutional right, which is more individual and less political in its nature than the one here involved, we said : "This is one of the rights guaranteed [a workman] by our 'Declaration of Rights'; it is a right of which the legislature cannot deprive him, one which the law of no trades union can take from him, and one which it is the bounden duty of the courts to protect."

Appellants' contention that the application of Rule 23 to plaintiff does not deprive the latter of his right of petition, but merely delegates it to defendant order during his association therewith, cannot be sustained; any agreement or contract handing over to others such a prerogative, to be exercised on the citizen's behalf, is against public policy and void.  The right here involved, and the voting franchise, are the only means by which peaceful changes in our laws and institutions may be sought or brought about, and they cannot, with safety to the State, or the whole body of the people, be gathered into the hands of the few for any purpose whatsoever; therefore, on principle, the law will not sanction their delegation.  We may add that a temporary giving up or denial of an inalienable right such as the one in hand is as void as though permanent in character; that portion of Rule 23 hereinbefore quoted, as construed by defendants,—denying plaintiff the right to petition the legislature,—has no binding force; hence Spayd was improperly expelled for a violation thereof.

The assignments of error, which complain of matters decided by the Superior Court in accord with the views here expressed, are overruled; and the others are dismissed as immaterial.

The decree is affirmed at the cost of appellants.