## UNITED STATES v. GREATER NEW YORK LIVE POULTRY CHAMBER OF COMMERCE et al.

District Court, S. D. New York.   September 23, 1929.

See also 30 F.(2d) 939; 33 F.(2d) 1005.

Israel B. Oseas and Walter L. Rice, Sp. Assts. to Attorney General, of New York City, for the United States.

Sanford H. Cohen, of New York City, and Abraham Kesselman, of Brooklyn, N. Y., for defendant Kaufman.

### Remarks of the Court.

KENNEDY, District Judge of Wyoming, sitting in the Southern District of New York. I am of the opinion that the motion of counsel for the government for a directed verdict in this case must be sustained, and among others for the following reasons: The courts of this district seem to have held that for a man to be entitled to immunity under the Federal Constitution and the statute in a case of this character he must assert and claim his right and privilege.

If it were solely a question in this case of whether or not the defendant presenting the plea in bar had asserted and claimed his immunity, a question of fact might be presented for determination by the jury; but going further and into the substance of the inquiry before the grand jury, it appears

to me that there can be no question of fact as to the nature and character of the questions propounded to the defendant before the grand jury which requires submission to the trial jury in this case in the view which I hold. In the first place, the evidence discloses that the inquiry made by the district attorney and representative of the government in charge of the grand jury investigation involved the question concerning the books and records of Local 167, of which the defendant was an officer and secretary-treasurer at the time he appeared before the grand jury, and that his appearance there was in response to a subpœna duces tecum to present the books and records of that association concerning which his failure so to do, or in such full measure as the circumstances would seem to demand, the defendant was interrogated. This it would seem was a duty imposed upon the defendant which he could not evade under the rule in Heike v. United States, 227 U. S. 131, 33 S. Ct. 226, 57 L. Ed. 450, and other cases. Neither do I believe that because the same subpœna was of a personal nature to the defendant should exempt him from giving testimony concerning the books, papers, and documents of the association of which he was an official.

Secondly, and even more strongly do I feel that there is no matter of actual fact to be determined by the jury here, as to whether or not the constitutional and statutory rights of the defendant were violated under the circumstances in the case. In my view the questions propounded and the answers elicited from the defendant, either before or after he claimed his immunity, in no sense tended to incriminate or tend to prove him guilty of the alleged crimes then under investigation or subsequently charged against him in the indictment. It cannot be said that the organization to which the defendant belonged was in any sense an unlawful association per se or that the defendant violated any law by being the secretary-treasurer, keeping the books and records of the association, collecting dues of the members, and disbursing the funds of the association for legitimate purposes. Neither does interrogation in regard to other books and minutes of the association tend in any way to lay the foundation for incriminating evidence or a basis for a criminal charge against the defendant, where the circumstances would tend to lead to the logical conclusion that he as secretary must know of minutes kept by the association; but in addition to this his answers clearly showed that he kept no minutes and knew very little if anything about this class of records. As a matter of fact, if all the evidence sought by the district attorney and elicited by way of answers after claiming his immunity were presented as questions of fact to a trial jury, there would not be in my opinion a scintilla of evidence which would tend to show that he was guilty of the crimes charged in the indictment here or of any other crime. Under these circumstances, unless the rule is going to be construed as being so broad that one who may be under investigation and being subpœnaed as a witness can claim his immunity and without further question or investigation have it given him if the investigator proceeds to question him upon any subject pertaining to the inquiry, then the right of immunity has not been established in this case. I am not satisfied that the courts have gone so far as to recognize immunity in this class of cases. Were it apparent to me that there might even be a question as to whether or not a defendant had actually claimed immunity in the case of being a witness, but where the evidence showed clearly that he had in response to interrogatories actually given information which tended to incriminate him in the matter of alleged violations then under investigation, I should be very frankly inclined to recognize the danger, consider the immunity as having been established, and discharge the defendant.

It may be admitted that, after a consideration of the leading cases as they may be applied to the facts here established, the point is not entirely free from doubt. I consider, however, that the defendant's rights are fully protected by exceptions so that in the event of conviction upon the trial proper they may be fully presented to the appellate court, and in this respect I have considered it advisable and desirable to have the entire record extended with the complete evidence of both sides, so that the appellate courts may possibly be able to dispose of the matter upon the record without involving the necessity of another trial; for if the appellate court shall find that under all the facts and circumstances the rights of the defendant have been violated, they may by appropriate direction cause the discharge of the defendant by the proper tribunal.