**544**

### In re LOCAL UNION NO. 550, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA et al.

### No. 2727.

District Court, N. D. California, S. D.
April 26, 1940.

Joseph O. Carson, Jr., II, of Indianapolis, Ind., and Hugh K. McKevitt and Jack M. Howard, both of San Francisco, Cal., for moving parties.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Morris R. Clark, Sp. Asst. to Atty. Gen., for the Government.

ST. SURE, District Judge.

In an investigation by the Grand Jury under the anti-trust laws subpoenas duces tecum, pursuant to court order, were directed to Local No. 550, United Brotherhood of Carpenters and Joiners of America; Local No. 42 of the same organization; and the Bay District Council of Carpenters. Thomas Bennett, Alfred Fromm, and D. H. Ryan, as officers of the respective organizations, appeared before the Grand Jury, and when requested to produce the records called for by the subpoenas, acting upon advice of counsel, refused to produce the records unless granted immunity by the Government, which was refused. The Grand Jury made oral presentation to the court of the three witnesses as contumacious. Each being present in court with counsel, moved to quash, suppress, and vacate the subpoenas.

It is objected that as each subpoena affects a local union which is unincorporated and "the things sought are the private papers of each individual member, no one of whom has any ownership distinct from the other," each is entitled to assert the constitutional guaranties. Of course, each individual may assert and maintain any constitutional right to which he is entitled; but the act upon which this proceeding is based provides for criminal liability of "persons" restraining interstate commerce or creating a monopoly in restraint thereof. The act includes both corporations and associations "existing under or authorized by the laws of either United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country." Title 15 U.S.C.A. §§ 1, 2, and 7. There is ample authority supporting the procedure. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, Ann. Cas.1912D, 558. United Mine Workers v. Coronado Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762; Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 72 L.Ed. 500. Labor unions and their representatives are not exempt from the provisions of the anti-trust laws. Under the circumstances here shown it is clearly their duty to obey the subpoenas of the Grand Jury.

The objection that the subpoenas are too broad and indefinite is without merit. Examination shows them to be sufficiently specific and related to the matters under investigation.

The motions to quash, suppress, and vacate are denied, and the witnesses who are now present in court are hereby directed to appear before the Grand Jury and to produce and present the records called for by the subpoenas.