# Rafale Lepore *v.* The Twin Cities National Building and Loan Association, Appellant.

*Building and loan associations—Withdrawal rights of members.*

A member of a building association in good standing has a right to withdraw and thereby entitle himself to the rights and privileges of a withdrawing stockholder. After notice given he ceases at the expiration of thirty days to be a member and becomes a simple creditor subject to the laws regulating the rights of withdrawing stockholders, after withdrawal.

*Withdrawing stockholders—Rights those of a creditor.*

A stockholder, having perfected by notice his withdrawal, has a right to sue the association and recover judgment, as any other creditor might do, and the denial of funds to meet his demand is no ground for the refusal of judgment against the association.

*Right of withdrawing stockholder—Absence of by-laws —Interest.*

In the absence of by-laws defining and regulating the matter, a withdrawing stockholder may recover the amount paid in by him as dues and six per cent interest, the association having alleged in a published statement the accumulation of large profits and there being no denial in the affidavit of defense of the correctness of the financial statement.

*Words and phrases—Profits—Affidavit of defense.*

Profits import the net amount made after deducting any proper expense incident to a business.

In a suit by a withdrawing stockholder where the company has declared large profits as earned, an affidavit of defense is insufficient which alleges as a set-off to plaintiff's claim a right to deduct a gross amount as plaintiff's share of proper expenses; no by-laws, by which such deductions are authorized, having been set out, nor what the expenses were incurred for, nor the gross amount.

Argued April 19, 1897. Appeal, No. 148, April T., 1897; by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1897, No. 175, for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts sufficiently appear in the opinion of the court.

Judgment for plaintiff for want of a sufficient affidavit of defense·for $343.69. Defendant appealed.

1897.]        Assignment of Error—Opinion of the Court.

*Error assigned* was in making absolute the rule for judgment for want of a sufficient affidavit of defense.

*R. P. Lewis*, for appellant.

*S. A. Johnston*, with him *Charles M. Johnston*, for appellee.— Under the authorities relating to affidavits of defense, defendant's affidavit is wholly insufficient.    The facts are to be averred with reasonable precision: Bronson v. Silverman, 77 Pa. 94.

No essential fact is to be left to inference: Peck v. Jones, 70 Pa. 83. .

What is not said is taken not to exist: Lord v. Bank, 20 Pa. 384.

A party swearing in his own cause is presumed to swear as hard as he can for good conscience: Selden v. Neemes, 43 Pa. 421.

Insufficient funds is not a legal defense to the entry of a judgment for the amount owing to plaintiff as a withdrawing stockholder: B. & L. Assn. v. Silverman, 85 Pa. 394.

OPINION BY SMITH, J., July 23, 1897:

This is an appeal by the defendant from a judgment entered in the court below for want of a sufficient affidavit of defense. The declaration avers that in November, 1893, the plaintiff became a stockholder in the defendant association and paid the monthly instalments due on his stock until June 27, 1896, when he notified the association of his decision to withdraw; that he paid in the sum of $306 in monthly instalments as aforesaid up to the time of the notice of withdrawal; that according to a statement of its financial condition, issued and published by its officers on October 1, 1896, the association then had in cash the sum of $11,241.97, and had earned profits amounting to $10,345.69; and therefore the plaintiff claimed from the defendant the amount he paid in with interest at six per cent. from the time the several payments were made.    The affidavit of defense, made by the secretary of the association, sets forth a part of the 37th section of the Act of April 29, 1874, P. L. 73, and section 2 of the Act of April 10, 1879, P. L. 16, relating to withdrawing stockholders from building and loan associations together with sections 6 and 7 of the by-laws, which are sub-

stantially repetitions of the sections of the acts of assembly quoted. The affidavit also contains the 9th section of the by-laws of the association, and is as follows : " The value of payments upon stock and payments due upon stock prior to August 1, 1895, shall be ascertained from a strict interpretation of the by-laws of January 30, 1893, and placed to the credit of the member in one sum upon a new set of accounts as soon after the resumption of the business of the association as practicable, and the said credit shall thereafter be withdrawable only under and by virtue of the terms and conditions of these by-laws and subject thereto." It is denied that the defendant association has sufficient funds " Applicable to the demands of withdrawing members, to meet and liquidate this claim in its regular order ; " and the defendant denies that it has to the credit of the plaintiff's stock or owes the sum claimed by him. It is also further stated in the affidavit " that under and by virtue of the by-laws of the association in force and operation during the time of payment on account of said stock, there was deducted and appropriated from the aforesaid payments of $306 the sum of $75.00 for the expenses of the association, and the balance, to wit: the sum of $231, together with this stock's share of the profits of the association, to wit : the sum of $13.86, a total of $244.86 stands on the books of the association to the credit of this stock ; which sum is its withdrawal value under its by-laws, and is due and payable only when the funds in the treasury of the association, applicable to the demands of withdrawing stockholders are sufficient to meet and liquidate it, and then only in the order of the respective time of presentation of notice therefor, neither of which events has since presentation of this notice, yet arrived." The payments alleged by the plaintiff are admitted to have been made, and the statement of the defendant's assets and profits on October 1, 1896 is not denied, nor is there any attempt to qualify it in any particular. The by-laws of January 30, 1893 referred to in section 9 of the by-laws and those under which the deduction of $75.00 for expenses was made or those under which the withdrawal value of the stock was determined, are not given, even in substance.

It is not alleged that the plaintiff was indebted to the association for loans or otherwise at the time of giving notice. He therefore had a right to withdraw and thereby entitle himself

to the rights and privileges of a withdrawing stockkolder : Wadlinger v. B. & L. Ass'n, 153 Pa. 622.   His membership ceased at the expiration of thirty days after the notice of withdrawal was served, and he thereupon became a simple creditor, subject to the laws regulating the rights of stockholders after withdrawal.   As such he had a right to sue the association and recover judgment, as any other creditor might do, and the denial of possession of funds to meet the plaintiff's demand was no ground for the refusal of judgment against the defendant : Building & Loan Ass'n v. Silverman, 85 Pa. 394.   Nor is there any ground disclosed to warrant the reduction of the plaintiff's demand as set forth in the declaration.

It is true the act of 1879 grants to these associations the power to prescribe by by-laws the proportion of profits, or the rate of interest that withdrawing stockholders shall be entitled to receive, but we have been shown no by-law fixing or regulating this matter nor is it alleged by way of defense. that such a by-law was adopted.   In the absence of such a regulation it was not error to allow interest at the lawful rate.   The attempt to reduce the plaintiff's claim by alleging that under the by-laws of the association a part of the sum which he paid in "had been deducted and appropriated from his payments for the expenses of the association " must fail because it is inadequately averred. The by-laws under which this was done have not been set out in the affidavit, and what the expenses were incurred for, or the gross amount are not given.   Furthermore, the allegation of large profits in the financial statement of the association as given in the declaration stands unanswered.   In the absence of any denial of the correctness of that statement or of any allegation of fraud or mistake in its contents, the plaintiff has a right to rely upon it as the official statement of the financial condition of the association made by its officers, and to assume its correctness.   If the large profits shown in the statement had not been made, or if they had been expended or lost, the secretary who had charge of the books should be able to explain the matter. Assuming the truth of that statement, we cannot understand upon what basis deductions could afterward be made for expenses incurred prior to October 1, 1896, as such expenses must have been paid before profits could be realized.   " Profits " are defined to be " the receipts of any enterprise or business

exceeding the expenses incident to it": 19 Am. & Eng. Ency. of Law, 257. "The word 'profits' has a fixed and definite meaning and imports the net amount made after deducting any proper expenses incident to the business." And again it is said "The usual, ordinary and correct meaning of the word 'profits' is the excess of receipts over expenditures": 19 Am. & Eng. Ency. of Law, 258. It is to be presumed in the absence of any allegation to the contrary that the business of the association was regularly conducted and that all expenses were paid before the amount of profits was determined.

The judgment is affirmed.