# Alters, Appellant, v. Journeymen Bricklayers Protective Association.

*Corporations—By-law—Power to make by-laws.*

The power to make reasonable by-laws consistent with its charter and not inconsistent with law, and to alter, amend, suspend or repeal the same, provided that in exercising the latter power vested rights are not interfered with, inheres in every corporation. The power is to be exercised by those in whom it is vested by the charter; but if that instrument is silent on the subject, it resides in, and is to be exercised by the corporation at large, that is to say, by the members in their constituent character at a general meeting of the corporation.

A by-law which surrenders to the directors the exclusive power to alter or amend the by-laws is unreasonable, illegal and ultra vires.

A by-law providing that " no alterations or amendments shall be made to the by-laws unless proposed in writing to the board of directors and read at three successive meetings of the board of directors and adopted by a two-third vote of the members present," should not be construed as surrendering to the directors the exclusive power to alter or amend the by-laws, but rather as conferring upon them, the right to first approve a proposed amendment before its submission to the corporation.

In an action against a beneficial association for death benefits where nothing stands in the way of plaintiff's recovery, except an alleged by-law, the burden of proving the lawful adoption of the by-law is on the defendant, and such burden is not met by the testimony of one witness that the by-law was adopted at a meeting of the corporation, without any proof of the date of the meeting, or that the meeting was held in the lifetime of the deceased member, and without any proof of the advertisement of the meeting, or that notices thereof had been sent out.

Argued Oct. 18, 1901. Appeal, No. 182, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1898, No. 449, for defendant non obstante veredicto in case of Mary Alters v. The Beneficial Association of the Journeymen Bricklayers Protective Association of Philadelphia and vicinity. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for death benefits. Before WILLSON, J.

At the trial it appeared that plaintiff's husband, August Alters, died on December 31, 1897. Although the deceased was not in arrears at the date of his death, it was claimed that he

died within a certain probationary period after his indebtedness had been settled, and therefore forfeited his rights, under an alleged amendment which had been passed by the board of direction on March 17, 1897. This alleged amendment was as follows:

" A member of this corporation in arrears on the books of the Journeymen Bricklayers' Protective Association of Philadelphia and vicinity, on payment of the same shall not thereby become beneficial or entitled to future accident benefits, or death benefits for the death of his wife, nor can his legal heirs recover death benefits in the event of his decease, until such member shall have served a probationary period as follows: For three months' arrearages he shall serve a probationary period of one month ; for six months, three months, and for one year's arrearages, six months' probation."

This was passed by the board of directors in accordance with the authority obtained from article 15 of the by-laws of 1896, viz: " No alterations or amendments shall be made to these by-laws unless proposed in writing to the board of directors, and read at three successive meetings of the board of directors, and adopted by a two-thirds vote of the members (of the board) present."

Verdict and judgment for plaintiff for $282.61, subject to the question reserved as to " whether there is any evidence upon which the plaintiff can recover."

The court in an opinion by WILLSON, J., entered verdict for defendant non obstante veredicto.

*Error assigned* was the judgment of the court.

*Thomas Ridgway*, with him *John J. Ridgway*, for appellant, cited as to the illegality of the by-law: United Fire Assn. v. Benseman, 4 W. N. C. 1 ; Com. v. St. Patrick Benevolent Society, 2 Binn. 440 ; Supreme Lodge Knights of Pythias v. La Malta, 95 Tenn. 157 ; Chicago Hansom Cab Co. v. Yerkes, 141 Ill. 320.

*P. C. B. O'Donovan*, for appellee, cited as to the validity of the by-law: St. Mary's Beneficial Society v. Burford, 70 Pa. 324 ; Manning v. Club, 63 Texas, 166 ; Van Poucke v. Nether-

land St. Vincent De Paul Society, 63 Mich. 378; Stohr v. San Francisco Musical Fund Society, 82 Cal. 560; St. Patrick's Male Beneficial Society v. McVey, 92 Pa. 510; 1 Bacon on Benefit Societies, 306; Fugure v. Mutual Society of St. Joseph, 46 Vt. 369; Supreme Lodge, Knights of Pythias v. Knight, 117 Ind. 489; Com. ex rel. v. Lancaster, 5 Watts, 152; Millward-Cliff Cracker Company's Est., 161 Pa. 157.

OPINION BY RICE, P. J., February 14, 1902:

The power to make reasonable by-laws consistent with its charter and not inconsistent with law, and to alter, amend, suspend or repeal the same, provided that in exercising the latter power vested rights are not interfered with, inheres in every corporation. The power is to be exercised by those in whom it is vested by the charter; but if that instrument is silent on the subject, it resides in, and is to be exercised, by the corporation at large, that is to say, by the members in their constituent character at a general meeting of the corporation. These general principles, already well established by the adjudications of the courts, were embodied in the Act of April 29, 1874, P. L. 73, under which, it is alleged in the plaintiff's statement of claim, the defendant association was incorporated. Among the powers of the corporation enumerated in that act is the power to make by-laws, and section five declares as follows as to the mode in which, and the body by which, it is to be exercised: "The by-laws of every corporation created under the provisions of this statute or accepting the same, shall be deemed and taken to be its law, subordinate to this statute, the charter of the same, the constitution and laws of the commonwealth, and the constitution of the United States. They shall be made by the stockholders or members of the corporation at a general meeting called for that purpose unless the charter prescribes another body or a different mode." It is not claimed that the original charter of the defendant association vested the power to make by-laws in another body than the corporation itself, and while it is true that the amendments of the charter made in 1895 conferred upon the directors very extensive powers, the power to change the by-laws adopted by the association is not mentioned as one of them. Unless it has been lawfully repealed or changed, the by-laws, which pro-

vided that "in case of the death of a member of this corporation who is fully paid up and square upon the books . . . . at the time of his decease, his legal heirs shall, upon establishing claim, receive" a certain sum, is to be deemed and taken as a law of the association, and may also be regarded as a contract among the members by which to determine their rights and the right of the beneficiaries referred to. We do not say that the corporation, the body that adopted this by-law, had not power to change it by providing, that if a member became in arrears he should not become beneficial until a certain probationary period after payment of all arrears had expired, and that if he died within that period his heirs should not be entitled to receive anything. The reasonableness of such a by-law, and its validity as to a member who became in arrears either before or after its adoption are not the questions now under consideration. The question is as to the power of the directors thus to change the by-laws adopted by the corporation at large. We are very clearly of opinion that this power was not vested in them by the charter or the amendments thereto. Up to this point we are in accord with the opinion expressed by the learned judge of the common pleas. But here we diverge.

Such power as the board of directors had to make by-laws, or to change by-laws previously adopted by the association, was derived from the general by-law of the association which reads as follows: " No alterations or amendments shall be made to these by-laws unless proposed in writing to the board of directors and read at three successive meetings of the board of directors, and adopted by a two-thirds vote of the members present." Two constructions of this by-law suggest themselves. The first is that all alterations or amendments of the by-laws must first receive the approval of the board of directors. The second is that the corporation surrendered to the directors the exclusive power to alter or amend the by-laws. If the former be the correct construction, the by-law framed by the by-law committee of the board of directors and approved by the board on March 17, 1897, would not bar recovery unless it was afterwards adopted by the corporation in the lifetime of Augustus Alters. In this view it is unnecessary, under the facts of this case, to consider the question as to the binding effect of a by-law

making the directors' approval of a proposed amendment a condition precedent to its lawful adoption by the corporation at large. But if the second construction above suggested be the true one, the by-law amounted to an abdication by the corporation of one of the most important powers conferred upon it by the charter; it was more than a mere by-law. Although called by that name, it was, in its real purpose and scope, an attempted amendment of the fundamental law of the association, whereby, if the position of defendant's counsel be sustained, the power to change the contract rights growing out of membership, which antedated the by-law, was vested absolutely in the board of directors. This construction ought not to be put upon the by-law if another is possible which would not involve conflict with the fundamental law. If, however, this construction is unavoidable, our conclusion is, that a by-law conferring such power upon the board of directors, to be exercised without notice to the members of the association, was ultra vires. It is thus seen that in either view of the case the action of the directors on March 17, 1897, was not, of itself, and without more, effective to change the previous by-law and the rights of Augustus Alters thereunder.

The question reserved was, "whether there is any evidence upon which the plaintiff can recover." We are of opinion that this question should have been answered in the affirmative.

The plaintiff made out a prima facie case and all that stood in the way of a recovery by her were the amendments of the by-laws approved by the board of directors on March 17, 1897. The burden of proving the lawful adoption of these amendments by the corporation rested on the defendant. The only evidence given to sustain its allegation in that regard was the testimony of a single witness who testified that "they were ratified by the corporation subsequent to the action of the board." We further quote from his testimony: "Q. What do you mean when you say a corporation meeting; who was present? A. All the members were notified to be present that belonged to the corporation. Q. For what purpose? A. For the purpose of adopting the by-laws. In special business of that kind, the corporation is called through the board of directors. Q. According to your by-laws, the board of directors adopted the amendments? A. They frame them. They were adopted

by the corporation meeting.  Q.  Was this a regular or a special
meeting?  A.  It was a special meeting called to sanction the
action of a board of directors.  It would be advertised in as
high as three newspapers and also through the members calling
their attention to a special meeting of the corporation through
the board of directors."  No record of this meeting was pro-
duced, and perhaps this was not absolutely essential.  But the
date when it was held was not stated by the witness.  There
was no evidence that Augustus Alters was present or had no-
tice of it, or ever knew of the proposed by-law, or even that
the meeting was held in his lifetime.  And, although an adjourn-
ment of the case was had and the defendant given full oppor-
tunity to produce the secretary who sent out the notices of the
meeting, no such evidence was given; nor were the advertise-
ments referred to in the foregoing testimony produced.  In
this state of the proofs it could not be declared by the court
that the fact of the adoption of the by-law by the corporation,
at such a time and in such a manner as to affect the rights of
Augustus Alters and bar recovery by the plaintiff, was conclu-
sively established.  This being so, it was error to enter judgment
for the defendant non obstante veredicto.  Owing to the defects
in the defendant's proofs as to this fact, the point upon which
the case turned was the effect of the adoption of the by-law by
the board of directors.  It follows from what we have said upon
that point that the plaintiff was entitled to judgment in her
favor.

The judgment is reversed and judgment is now entered for
the plaintiff for the amount of the verdict.