## Linsk v. Lester M. Bloch Building and Loan Association

*Charles Polis*, for plaintiff; *Hirschwald & Goff*, for defendant.

STERN, P. J., March 6, 1933.—This is a rule for judgment for want of a sufficient affidavit of defense. The plaintiff is a withdrawing stockholder who paid in on his stock a total of $9600, against which he had a stock loan from the association of $5000. On December 22, 1930, he gave written notice of his desire to withdraw. He alleges in his statement of claim that at that time the association was solvent, and, indeed, according to its statement issued at the end of the year 1930, showed profits in excess of $100,000. The statement of claim further alleges that since the plaintiff's notice of withdrawal was given, the defendant has paid out large sums of money to other withdrawing stockholders whose notices were given subsequently to his own, and that there has been enough cash in the defendant's treasury, within the requirements of the law, to pay the plaintiff's claim and all prior withdrawal claims.

The affidavit of defense does not set forth any claim that at the time of the plaintiff's withdrawal notice the defendant was insolvent. It is true that it alleges that the defendant association is *now* insolvent, but this is not equivalent to an allegation of insolvency as of December 22, 1930, nearly two and a half years ago, when the withdrawal notice was given. It is also true that the affidavit of defense alleges that the financial statement which the association issued as of December 31, 1930, was incorrect, and that the association was mistaken at that time as to the value of its assets, which, as was revealed by subsequent events, were then worth less than their appraised value. But there is no averment as to how *much* less the assets were worth, nor whether they were worth *so much less* as to render the association at that time actually insolvent. Neither

676

is it of any moment that the defendant alleges that its present insolvency exists even though it has merely the investments which it had made prior to the time when it received the notice of withdrawal from plaintiff. The point is that these investments have greatly shrunk in value during the past two years and a half, and, therefore, even though the investments remain the same, the loss in regard to them has occurred since the plaintiff attempted to withdraw. A withdrawing stockholder is not obliged to share losses which occur after he has given to a solvent building and loan association notice of withdrawal, whether such losses result from previous or subsequent investments: Stone *v.* Schiller B. & L. Ass'n et al., 302 Pa. 544, 554.

There is, therefore, no reason set forth in the affidavit of defense which would disentitle the plaintiff to judgment.

It is also obvious that the association had no right to pay out on the stock of various stockholders who gave notice of withdrawal after that of the plaintiff. The affidavit of defense avers that the amounts thus paid were not in the full amount which had been paid in on the stock, but only for about fifty per cent. thereof. As far as the pleadings disclose, however, no sum whatever was offered to the plaintiff on his notice of withdrawal, and if the withdrawal value of the stock of the other stockholders was fifty per cent. of its paid-in value, the plaintiff was entitled to receive at least that amount on his own stock. As above pointed out, however, there is no averment in the affidavit of defense which furnishes any definite statement as to the value of the plaintiff's stock as of December 22, 1930.

The contention that the plaintiff was not entitled to withdraw because his stock had been assigned to the association as security for a loan is without merit, because if the association was solvent, which the affidavit of defense does not deny, he was entitled to have the withdrawal value of his stock appropriated to the payment of his loan so far as necessary for that purpose, and to receive the balance from the association: Frisby *v.* The Armenian-American B. & L. Ass'n, 107 Pa. Superior Ct. 313.

As to the plaintiff's claim for interest on the sums paid in by him, the affidavit of defense avers that there was an amendment to the by-laws of the association which was adopted by the directors on November 11, 1930, and confirmed by the stockholders on the second Tuesday of January, 1931, which provided that no interest should be allowed on shares withdrawn from the association. There is no allegation, however, that the power to amend the by-laws of the association lay with the directors, and that, therefore, their action of November 11, 1930, was legally effective to amend the by-laws. See Alters *v.* Journeymen Bricklayers Protective Ass'n, 19 Pa. Superior Ct. 272. The subsequent approval of the amendment by the stockholders in January, 1931, was subsequent to the date of the plaintiff's notice of withdrawal. The case of Hockfield *v.* Woloderker B. & L. Ass'n, 85 Pa. Superior Ct. 336, holds that power cannot be delegated by the association to its directors to fix the proportion of the profits or the amount of interest which withdrawing stockholders should receive. The amount which the plaintiff was entitled to receive was necessarily fixed as of the time of his notice of withdrawal on December 22, 1930, and no action even by the stockholders thereafter could change his rights in that respect, even if by reason of the absence of the necessary cash in the treasury he was not entitled to receive actual payment until later. In the absence of a proper by-law fixing the amount of profits to which a withdrawing stockholder is entitled, he may claim the legal rate of interest: Lepore *v.* The Twin Cities National B. & L. Ass'n, 5 Pa. Superior Ct. 276.

For the reasons thus stated, the court makes absolute the plaintiff's rule for judgment in the sum of $6904, as calculated in the seventh and ninth paragraphs of the statement of claim.