Argued September 26, 1934.
This is an appeal from the entry of a judgment for the plaintiff, n.o.v.
The plaintiff was the owner of twenty shares of stock in the defendant building and loan association, on which she had paid, monthly, for 144 months, dues totalling $2,880. On the 3d of September, 1931, she gave notice of withdrawal to the secretary, who presented it to the board of directors at their regular meeting, September 28, 1931. The defendant paid to the plaintiff $1,400 on September 30, 1931, and $1,480 on October 28, 1931. This suit was brought to recover the sum of $1,044, her share of the profits, with interest thereon from October 28, 1931.
The appellant maintains that the plaintiff is bound by a by-law adopted at its annual meeting of stockholders, held April 27, 1931, which provides, inter alia, that no withdrawal interest shall be paid to a withdrawing stockholder. It was admitted that the defendant association was solvent at the time the withdrawal notice was given.
The learned court below held that the by-law was invalid, and entered judgment for plaintiff in the sum of $1,005.31, her share of the profits, $878, with interest from October 28, 1931, the date of the withdrawal, to February 19, 1934, the date of the trial.
The Act of April 29, 1874, P.L. 73, cl. 2, § 37 (15 Pa.C.S.A. § 991), provides that the shareholders, upon giving notice of withdrawal, "shall be entitled to receive the amount paid in . . . . . .; but after the expiration of one year from the issuing of the series, such stockholder shall be entitled, in addition thereto, to legal interest thereon." The Act of April 10, 1879, P.L. 16, § 2 (15 Pa.C.S.A. § 992), provides: "Stockholders withdrawing *Page 298 
voluntarily shall receive such proportion of the profits of the association or such rate of interest as may be prescribed by the by-laws, any law or usage to the contrary notwithstanding."
The appellant contends that the auxiliary verb "may" in the Act of 1879 imports permission, and is not mandatory. We held in Hockfield v. Woloderker B. L. Assn., 85 Pa. Super. 336, that the statute makes it obligatory for the association to fix the proportion of the profits or the rate of interest by a bylaw. "Where a statute or rule gives the right to withdraw with such share of profits as the directors may determine, they must allow some": Endlich on Building and Loan Associations, 2d ed. (1895) 87, § 103, note 2. A by-law would be unreasonable and inequitable not to give withdrawing stockholders a part of the substantial profits a building and loan association might earn. It is contrary to the underlying principles of our building and loan association laws to deprive withdrawing stockholders of their just proportion of the corporate assets, if the association is solvent. As Mr. Justice KEPHART pointed out in Stone v. Schiller B. L. Assn., 302 Pa. 544, 551, 153 A. 758, a building and loan association, respecting the mutual interest of a member, is much like a partnership, and a similar rule governs the distribution of profits. This by-law, allowing no interest or share of the profits, is in conflict with the apparent intent of the statute, and must give way: Shapiro v. Mortgage B. L. Assn., 104 Pa. Super. 65,70, 158 A. 573.
It appears further from the evidence that no notice had been given to the plaintiff of the intention to amend a by-law at the meeting held in April, 1931, and that she was not at the meeting when the amendment was adopted. The Supreme Court held in Bagley v. Reno Oil Co., 201 Pa. 78, 81, 50 A. 760: "By-laws, having once been adopted, become the permanent rule *Page 299 
to govern the association's conduct, and every member of it ought to be able to so regard them, and to feel that they will be neither repealed nor amended without notice to him of an intention to do so, even at a regular or annual meeting of the stockholders. Upon the by-laws as adopted and regulating the affairs of a corporation in which a stockholder has invested his money, he relies for a management as therein provided, and it is not reasonable that even at a regular or annual meeting, radical changes should be made, without notice to him of such contemplated action." See, also, African Methodist Episcopal Union Church, 28 Pa. Super. 193.
The building and loan association had previously passed a by-law at its regular meeting April 28, 1930, which provided that withdrawing members were to be paid at the rate of fifty per cent of their earnings on stock 144 months old or over. The secretary of the association testified that he did not have the minutes or any papers at the trial showing that notice was given to Mrs. Marshall of the intention to amend the by-laws at that meeting. The legal presumption is, however, in the absence of proof to the contrary, that this bylaw was legally enacted: Wigmore on Evidence, §§ 2534, 2535; Rogers v. Hill et al., 289 U.S. 582,591; Fleming v. Reinhardt et al., 280 P. 9.
It follows from what we have said above that the amount which Mrs. Marshall is entitled to recover is fifty per cent of the earnings on her stock, as provided by the 1930 by-law.
Judgment of the lower court is affirmed, subject to a modification of the amount thereof in accordance with the view expressed herein. *Page 300