## In re St. Michael Archangel Greek Catholic Gymnastic Society

*Harold F. Reed* and *Harold L. Roth*, for petitioners.

*Lawrence H. Stern* and *Francis Taptich*, for exceptants.

READER, P. J., March 8, 1941.—The above-stated proceeding is one instituted for the purpose of amending the charter or articles of incorporation of St. Michael Archangel Greek Catholic Gymnastic Society of Ambridge, Pa.

. . . .

The most serious question, it seems to us, relates to the notice given of the meeting held September 8, 1940, at which action was taken on the proposed amendments. This notice is as follows:

"By order of the president a monthly meeting of St. Michael Archangel Greek Catholic Gymnastic Society of

Ambridge, Pa., is called for Sunday, September 8, 1940, at 7 o'clock p.m. (d. s. t.), at the club premises 800 Pine St. Ambridge, Pa.

"The purpose of the meeting is concerning the charter.

"Andrew Talpash,

"Secretary"

Section 702 of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, 15 PS §2851-702, reads in part as follows:

"Before the application is made to the court, a resolution authorizing the proposed amendments shall be adopted by the affirmative vote of at least a majority of the members entitled to vote thereon at a regular or special meeting duly convened after at least ten days' written notice to all the members of this purpose. . . ."

The most serious defect in the notice is its failure to state sufficiently the purpose of the meeting. The provision of the statute, above quoted, evidently contemplates that the notice given shall specifically state that the purpose is to amend the charter. The notice simply says "the purpose of the meeting is concerning the charter." This, however, might refer to matters other than amendments to the charter, and certainly it gives no notice of the respects in which it is proposed to amend the charter. We think it is necessary, whether the meeting was a special or a regular meeting, that the substance, at least, of the proposed amendments should be stated in the notice; otherwise the members of the corporation are left in the dark as to what is to be done at the meeting. In 18 C. J. S. §544, p. 1231, the general rule is thus stated:

"The statement of the purposes of the meeting must be sufficient to call the attention of the stockholders to the particular subjects intended to be brought before them."

And in 13 Am. Jur. §478, the rule is thus stated:

"It is a well-recognized rule that the notice calling special meetings of the stockholders must state the nature of the business proposed to be transacted thereat. Even at common law notice of a meeting for any special and ex-

ceptional purpose was required to specify the object of the call."

In the case of African Methodist Episcopal Union Church, 28 Pa. Superior Ct. 193, the proceeding involved was one for the amendment of the charter of the corporation. The petition for amendment was dismissed for several reasons, and among them for the reason that notice of the intention to amend the articles of incorporation was not specifically given. The court said (p. 196) :

"A meeting of the male members of the corporation should have been called, on plain legal notice of a desire or intention to amend the articles of incorporation or charter, and such meeting being convened the question should have been put before the body on the adoption of the amendments."

In its opinion in the case just quoted the court cites several cases, among them the case of Bagley v. Reno Oil Co., 201 Pa. 78. In this case the action of the corporation under consideration involved an amendment of its bylaws. At a meeting at which directors were to be elected a resolution was adopted amending the bylaws by increasing the number of directors from nine to eleven. No notice had been given of this proposed change. It was held that directors elected pursuant to this amendment of the bylaws were not duly elected. In commenting upon the question involved, the court said (pp. 81, 82) :

"By-laws, having once been adopted, become the permanent rule to govern the association's conduct, and every member of it ought to be able to so regard them, and to feel that they will be neither repealed nor amended without notice to him of an intention to do so, even at a regular or annual meeting of the stockholders. Upon the by-laws, as adopted and regulating the affairs of a corporation in which a stockholder has invested his money, he relies for a management as therein provided, and it is not reasonable that even at a regular or annual meeting, radical changes should be made, without notice to him of such contemplated action. By experience and observation, we know that, at these regular annual meetings, only the

general routine of business is transacted, and the corporation passes from one year of its existence into the next, with the by-laws regulating the number of its directors and its general management unchanged. A majority of stockholders rarely attend in person. Their proxies are given to attorneys to vote for them on the usual and ordinary questions and matters that arise. If one or more stockholders contemplate action of an unusual or extraordinary character, it is but reasonable that their associates should have notice that radical, and, what may prove disastrous changes, are contemplated, and that an effort will be made to effect them. If such changes are made with the approval of a majority of the stockholders upon notice to all, they affect and bind all; but they should not be made until all have had an opportunity to be heard by receiving notice of what changes will be attempted, unless provision be made for them in the by-laws: Cook on Stock and Stockholders and Corporation Law (2d ed.), sec. 595."

A similar holding is found in the case of Marshall v. Pennsylvania Savings B. & L. Assn., 115 Pa. Superior Ct. 296.

An amendment of the articles of incorporation is of even more importance to the members of the corporation than the amendment of its bylaws. We think that action to amend either can be taken only after proper notice to the members of the corporation, indicating in substance the changes to be made. This was the law, as indicated by the decisions referred to, prior to the adoption of the Nonprofit Corporation Law of 1933, above referred to, and we think the provision of that act above quoted very clearly establishes the rule. As above stated, counsel did not press this feature of the case at the hearing. However, the notices given were offered in evidence, and we think it is incumbent upon us to consider the notice as given, and to pass upon its sufficiency.

For the reasons thus stated we are satisfied that the proposed amendments cannot be allowed in the present proceeding.