## Arrell v. Brotherhood of Railroad Trainmen

582

*Vincent P. Desmond*, for plaintiff.
*John V. Diggins*, for defendant.

BRETHERICK, J., August 15, 1951.—Plaintiff in this action of trespass seeks to recover damages because of his alleged illegal expulsion from defendant association. The case is presently before us on defendant's preliminary objections to the complaint.

The material allegations of the complaint may be stated briefly as follows:

Plaintiff is a resident of this county; and defendant is an unincorporated association whose activity is union representation of employes of Philadelphia Suburban Transportation Company, and which regularly conducts such activity in the Townships of Upper Darby and Haverford, this county.

In or about October 1940 plaintiff entered the employ of Philadelphia Suburban Transportation Company as a bus operator and trolley operator; and on or about November 22, 1940, he became a member of defendant lodge, and remained a member thereof in good standing until sometime in 1948.

On or about July 12, 1948, John Conlin was president of defendant lodge, and was also an employe of the transportation company. As an incident to his employment, Conlin had been granted an employe's complimentary book of transportation tickets, which was available to his wife for the purpose of securing free transportation over the lines of the transportation company.

While plaintiff was operating a trolley car of the transportation company along West Chester Pike in

the Township of Upper Darby, on or about July 12, 1948, he was presented with a ticket from Conlin's complimentary book by a female passenger not Conlin's wife, and the offering of the ticket by such person was contrary to the rules and regulations of the transportation company.

In accordance with his obligation and duty as an employe, plaintiff notified his superiors of the illegal use of the ticket.

Within a few days thereafter, Conlin confronted plaintiff in the Sixty-ninth Street Terminal, "and made various and sundry threats to him interspersed with vile and obscene language".

On July 27, 1948, while plaintiff was operating a street car of the transportation company along West Chester Pike at Llanerch, "he was illegally and unjustifiedly required to leave the said trolley car" by members of defendant lodge who constituted the grievance committee, "and was illegally required to attend a hearing in the lodge room" at Llanerch to answer alleged charges of Conlin, the charges being: (1) Violation of his obligation; (2) conduct unbecoming a Brother; (3) violation of section 27½ of the brotherhood constitution.

The complaint charges that the foregoing action was in contravention and in violation of the Constitution of the United States, the Constitution of Pennsylvania, and the constitution of the Brotherhood of Railroad Trainmen, certain provisions of the latter being set forth in full text in the complaint.

As a result of the hearing, plaintiff was expelled from defendant lodge, and, in consequence, lost his employment with the transportation company.

By letter bearing date August 11, 1948, plaintiff was advised by the president of the Brotherhood of Railroad Trainmen that defendant lodge had theretofore been notified by the president that plaintiff's ex-

pulsion from the local was illegal. Defendant lodge thereupon reinstated plaintiff to membership, and plaintiff was permitted to return to his employment.

Thereafter, according to the complaint, the secretary of defendant lodge, acting within the scope of his office and authority, notified plaintiff of a hearing to be held on August 16, 1948, on charges made by Conlin identical with the earlier charges.

It is alleged that the charges filed violated and failed to comply with the requirements of section 144 of the Constitution in that they were not sufficiently detailed, and "in that they include a charge for offenses provided in section 27½ which are expressly excepted from the offenses which are specified as the basis for trial, as provided in section 144".

It is further alleged that the trial committee, at the hearing on August 16, 1948, accepted testimony in support of Conlin's charge of "informing", which properly could be a basis for expulsion only in proceedings under section 27½ of the constitution and bylaws of the brotherhood. Section 27½ is set forth in full text in the complaint and appears to provide for a special form of proceeding in cases involving the offense of "informing", including trial before the president of the brotherhood.

Plaintiff avers that there was no testimony before the trial committee of facts constituting conduct in violation of plaintiff's obligation, or conduct unbecoming a Brother; that the uncontradicted testimony was that plaintiff, in the course of his employment, had been presented a ticket from an employe's complimentary book bearing the name of Mrs. John Conlin, and that plaintiff had complied with the rules of the transportation company in reporting the incident and turning into his superior the ticket thus presented.

The complaint charges that the hearing was unlawful and was a "concerted action" by the members of

defendant lodge, acting at the behest of Conlin, its president, "to willfully, intentionally, spitefully and illegally deprive him of membership in said Sam Harvey Lodge No. 998, Brotherhood of Railroad Trainmen, and thereby effect the loss of employment by the said Paul K. Arrell".

As a result of the hearing, it is said, plaintiff was expelled from membership in defendant lodge on August 24, 1948, and, in consequence, plaintiff was notified by the transportation company on the same date that he had been expelled.

Plaintiff avers that in accordance with the constitution of the brotherhood, he presented successive appeals to the president and to the board of directors of the brotherhood, which appeals were denied. Thereafter, he says, he attempted a further and final appeal to the board of appeals of the brotherhood, "but the said appeal was not recognized because it was averred, on August 17, 1949, that the appeal should have been presented within ninety days from the date of the action of the board of directors, which occurred on May 10, 1949". It is averred that plaintiff "has exhausted every and all remedies available to him within the Brotherhood of Railroad Trainmen".

It is unnecessary, in our view, to detail the averments of the complaint with respect to the damages claimed by plaintiff. It is sufficient to say that plaintiff claims that both of his expulsions from defendant lodge were wrongful and violative of his rights under the Constitution of the United States, the Constitution of Pennsylvania and the constitution of the brotherhood. Plaintiff seeks both punitive and compensatory damages, the latter including, inter alia, claims for loss of wages, sums paid out for medical expenses, etc.

Defendant alleges in its preliminary objections that the complaint shows on its face that plaintiff has failed to exhaust the internal remedies available to him

within defendant lodge "by not properly appealing to the board of appeals as provided by the said constitution of the defendant lodge".

The rule is firmly established that courts will not entertain jurisdiction unless all remedies afforded by the bylaws and constitution of an association have been exhausted, for it is from them that the rights of the members are derived and determined: O'Neill et al. v. United Association of Journeymen Plumbers and Steam-Fitters of United States and Canada et al., 348 Pa. 531, 535, 36 A.(2d) 325, 327; Bogadek v. Butkovic et al., 336 Pa. 284, 286, 9 A.(2d) 388, 389; West v. Pennsylvania Railroad Company, 328 Pa. 156, 159, 194 Atl. 912, 914; Lodge No. 19, Svete Ime Isusovo v. Svi Sveti et al., 323 Pa. 292, 294, 185 Atl. 650, 651; Maloney v. United Mine Workers of America et al., 308 Pa. 251, 257, 162 Atl. 225, 227.

We are not altogether persuaded, however, that the rule applies in cases of this character, although we have found no authority directly in point. The great majority of the cases wherein the rule has been applied have been suits for reinstatement, or to obtain benefits alleged to be due. The present proceeding is an action for damages for wrongful expulsion. So far as we are advised, the constitution and bylaws of defendant association provide no remedy in cases of the present character; all that plaintiff could obtain by appeals within the organization would be reinstatement.

Moreover, the rule itself is subject to certain well-defined exceptions. In O'Neill et al. v. United Plumbers, etc., 348 Pa. 531, 536, it was said that "when the remedy prescribed by the constitution of an association would be vain, or illusory, or would subject the complainant to unreasonable delay or hardship, it need not be invoked". Upon careful consideration of all the facts set forth in the complaint, we cannot say that an

appeal by plaintiff to the Board of Appeals, as provided in the bylaws, would *not* be vain or illusory. In any event, the question is not free from doubt. "Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it": Sun Ray Drug Co. v. Lawler, 366 Pa. 571.

Defendant next urges that plaintiff is ineligible to maintain this suit "because the defendant is an unincorporated association of which the plaintiff was a member at the time the matters complained of occurred and therefore may not sue his copartners for dereliction of their common agent". Defendant relies upon the decision of the Supreme Court in the recent case of DeVillars et vir v. Hessler et al., 363 Pa. 498, where the question involved was "the right of a member of an unincorporated association to recover from it for injuries sustained through a tort committed by other members in carrying out an association project". Recovery was denied on the principle, as we understand it, that while a principal may sue an agent for dereliction of duty, he may not sue his coprincipals for the dereliction of their common agent.

We think the principle of the DeVillars case has no application to the facts presently before us. The instant case involves no question of agency. Accepting as true all the allegations contained in the complaint, the entire membership of defendant lodge, in a concerted action, wantonly, spitefully and intentionally committed the acts therein set forth.

Lastly, defendant complains that plaintiff fails to allege in separate counts each "cause of action claimed upon". We are not sure that we follow defendant's argument on this point. The complaint does allege two separate and distinct expulsions from defendant lodge. Technically, it may be that each expulsion constitutes

a separate cause of action. Nevertheless, the two are so closely related that they form, in a sense, one transaction. At any rate, we are not convinced that confusion will result in the trial of the case on the present complaint.

While the question has not been raised, we suggest that counsel give some consideration to the matter of the validity of the provision of defendant's constitution or bylaws under which plaintiff was expelled. As we understand it, plaintiff was expelled from defendant lodge solely because he reported to his employer the fact of the unauthorized use of a ticket from Conlin's complimentary book of tickets. Plaintiff says in his complaint that the rules of the transportation company required him to report the incident. Such rule seems to be a lawful, proper and reasonable regulation to prevent the abuse of the privilege of free transportation. Thus, plaintiff's compliance with a lawful and reasonable order of his employer is an offense punishable with expulsion under the defendant's constitution and bylaws.

In Spayd v. Ringing Rock Lodge, 270 Pa. 67, the Supreme Court said (p. 70) : "We have often said that the by-laws, rules and regulations of these artificial bodies will be enforced only when they are reasonable (citing many cases)".

See, also, Hockfield v. Woloderker B. & L. Assn., 85 Pa. Superior Ct. 336, 341; Dries v. Evans Cemetery Co., 109 Pa. Superior Ct. 498, 501; Acme Realty, Inc., v. Lafayette Building and Loan Association, 134 Pa. Superior Ct. 384, 388; McGinley v. Milk & Ice Cream Salesmen, Drivers & Dairy Employees Local Union No. 205, 351 Pa. 47, 59.

Since defendant's right to judgment is far from clear, the preliminary objections must be overruled with leave to defendant to file an answer.

*Order*

And now, August 15, 1951, upon consideration of the foregoing case, it is ordered, adjudged and decreed that defendant's preliminary objections to the complaint be, and the same are, overruled, and defendant is granted the right to file an answer within 30 days of the date of this order.